# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JUAN M. LAUREANO-PÉREZ,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 16-2688 (ADC)**
**[Related to Crim. No. 12-426-5 (ADC)]**

## **OPINION AND ORDER**

By an Opinion and Order, dated March 2, 2017, the Court summarily dismissed, without subsequent objection, Grounds Two, Three, and Four of petitioner Juan M. Laureano-Pérez's timely motion for relief pursuant to 28 U.S.C. § 2255(a). *See* **ECF No. 4**. The Court also ordered the Government to respond to Ground One of the motion, which stated that the Court had erred by failing to impose individual sentences on petitioner's two conspiracy convictions. *Id*. at 3-4, 10. Indeed, the Court had imposed a single sentence of life imprisonment on petitioner's drug-conspiracy and firearm-conspiracy convictions, even though the latter had a maximum legally-authorized sentence of only twenty years in prison. *See* 18 U.S.C. § 924(o); **ECF No. 4** at 1, 3-4. The Government has now responded to Ground One, conceding error and inviting an amended judgment imposing a prison term of twenty years, to be followed by a supervised-release term of no more than three years, on petitioner's firearm-conspiracy conviction. His other sentences would remain the same. *See* **ECF No. 6**. Petitioner has filed a pro-se reply. *See* **ECF No. 9**.

In his reply, petitioner objects to the Government's proposal to remedy the sentencing error below by issuing an amended judgment imposing an individual sentence on his firearm-conspiracy conviction, but leaving his other sentences undisturbed.[1] *Id*. at 4.  Instead, petitioner wants the Court to resentence him on both conspiracy counts because the Court might decide to resentence him to a non-life prison term on the drug-conspiracy count in light of his alleged post-sentence rehabilitation and considerations of substantive reasonableness.  *Id.* at 3-7.

Because the parties agree that a sentencing error occurred, the Court must determine the appropriate remedy, if any.  The First Circuit Court of Appeals has "not adopted a uniform rule about whether, without a preserved claim of error, a defendant who is sentenced to a term of imprisonment in excess of a statutory maximum is entitled to relief even though his overall period of immurement will not be affected." *United States* v. *Almonte-Nuñez*, 771 F.3d 84, 92 (1st Cir. 2014).  *Almonte-Nuñez*, however, provides helpful guidance about the type of relief that may be appropriate when a court does grant relief.  In *Almonte-Nuñez*, as in this case, a firearm count and a different count were grouped together by the sentencing court to calculate the applicable offense level.  *See id*. at 91-92; Transcript of Sentence, *United States* v. *Laureano-Pérez*, No. 12-CR-426-5 (D.P.R. Apr. 9, 2014), **ECF No. 1181** at 35.  In both cases, the guidelines sentencing range

---

[1] "We are required to construe liberally a pro se [filing]," but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

In the underlying case, petitioner was also convicted of possessing a machinegun in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A), (B)(ii).  His challenges to his sentence on that conviction were summarily dismissed, *see* **ECF No. 4** at 6, 8-10, and are no longer before the Court.

recommended a prison term greater than the maximum authorized by Congress for the firearm count. *See id*. Finally, in both cases, the sentencing court imposed a single sentence on the counts that fell within the guidelines sentencing range, resulting in a prison term on the firearm count in excess of the statutory maximum. *See id*. In *Almonte-Nuñez*, the Court of Appeals, reviewing the situation on direct appeal, remedied the sentencing error by "direct[ing] the district court, on remand, to enter a modified sentence of 120 months [*i.e.*, the statutory maximum] on [the firearm] count." 771 F.3d at 92 (citing *United States* v. *Barnes*, 251 F.3d 251, 261 (1st Cir. 2001)). Notably, "direct review is more defendant-friendly than post-judgment review," which is the current posture of this case. *United States* v. *George*, 676 F.3d 249, 258 (1st Cir. 2012). As indicated above, entry of an amended judgment, analogous to the one that the Court of Appeals mandated in *Almonte-Nuñez*, is the Government's preferred remedy. **ECF No. 6** at 5. By contrast, petitioner requests a plenary resentence on both of his conspiracy counts. **ECF No. 9** at 4-8.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States* v. *Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) (quoting *United States* v. *García*, 956 F.2d 41, 45 (4th Cir. 1992)); *see also* 28 U.S.C. § 2255(b) (providing that, if a court grants relief under this section, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."). "[I]n cases," like this, "where the sentence (but not the conviction) is infirm, only the 'resentencing' or 'correcting the sentence' options are open to the district court,"

under 28 U.S.C. § 2255(b), "since a prisoner should never be 'discharged' or 'granted a new trial' based solely on a defective sentence." *Torres-Otero*, 232 F.3d at 30. The Court is afforded "broad leeway" in determining which option to elect and how to exercise the option. *Id.* For example, the Court may "decline[] to reexamine the sentence" *in toto* and simply "remedy" the identified "defect" without "sentencing the [petitioner] afresh." *United States* v. *Maldonado*, 242 F.3d 1, 3 (1st Cir. 2001) (citing *Torres-Otero*, 232 F.3d at 30-31). After all, "it is a windfall to a [petitioner] if in resentencing the district court goes beyond correction of the original error and gives [him] a lower sentence by virtue of a new calculation on an unrelated aspect of the sentence." *Id.* In the end, however, the decision to either simply correct the identified sentencing error or conduct a broader resentencing is left to the discretion of the Court. *Id.* at 3-4.

Here, the Court shall provide the same remedy that the Court of Appeals did, on direct review, in *Almonte-Nuñez* and will order that the underlying judgment be amended to impose an individual sentence on petitioner's firearm-conspiracy conviction (Count Nine). Specifically, the Court will order imposition of a concurrent sentence of twenty years of imprisonment, to be followed by a concurrent term of three years of post-release supervision, which is the maximum legally-authorized sentence. *See* 18 U.S.C. §§ 924(o), 3583(b)(2). This individual sentence will be lower than the sentence originally imposed on the conviction and, thus, petitioner's "overall period of immurement will not be affected." *Almonte-Nuñez*, 771 F.3d 84, 92. The sentence will be ordered to run *nunc pro tunc* to September 12, 2013, the date that the original sentence was

imposed. The Court has considered petitioner's arguments in his reply, *see* **ECF No. 9**, and finds no basis for any further sentencing relief pursuant to 28 U.S.C. § 2255.

Finally, the Court must decide whether petitioner needs to be present for the amendment of the underlying judgment. *See United States* v. *Bryant*, 643 F.3d 28, 32-34 (1st Cir. 2011). "Any alteration of the original judgment imposing the sentence could be called a 'resentencing' – the word has no definitive meaning – but whether the [petitioner's] presence and an opportunity to allocute are required has in practice turned on whether requiring these safeguards made sense in the context of the proceedings." *Id*. at 32. "At one extreme, the resentencing ordered may be as unconstrained and open-ended as an initial sentencing; but at the other extreme, [it] may be so focused and limited that it involves merely a technical revision of the sentence . . . and calls for no formal proceeding – say, modifying the judgment to cut back to its legally permitted length a supervised release term that exceeded what the statute permits." *Id*.

In determining whether a proceeding must be held and the petitioner must be present, the Court must ask just what is "open" to the sentencing court. *Id*. at 33. Here, nothing is open except for the entry of an amended judgment pursuant to the specific terms of the Court's Order. In fact, the relief granted by the Court will be so specific as to "render evidence of postsentencing rehabilitation irrelevant." *Id*. at 34 (quoting *Pepper* v. *United States*, 562 U.S. 476, 505 n.17 (2011)). All that the amendment of the judgment will entail is a reduction of the terms of imprisonment and supervised release imposed on Count Nine to "the maximum" allowed by statute. *United*

*States* v. *Barnes*, 244 F.3d 172, 178 (1st Cir. 2001). "This reduction can, of course, be accomplished without either disturbing the remainder of the sentence or reconvening the disposition hearing." *Id*. (citing *United States* v. *Jackson*, 923 F.2d 1494, 1496-97 (11th Cir. 1991) (holding that remand for correction of illegal sentence does not require defendant's presence if correction palliates the sentence)). After all, "[i]n constitutional terms, a remedial sentence reduction is not a critical stage of the proceedings; so, the defendant's presence is not required." *Jackson*, 923 F.2d at 1497; *see also United States* v. *Parker*, 101 F.3d 527, 528 (7th Cir. 1996) (per Posner, C.J.) (holding that a prisoner does not have a right to be present when "the case is remanded not for a new sentencing hearing but merely for a nondiscretionary correction of the original sentence.").

In sum, the Court hereby **GRANTS** petitioner relief under Ground One of his application pursuant to 28 U.S.C. § 2255(a). *See* **ECF No. 1**. The Court hereby **ORDERS** that the judgment of conviction in the underlying criminal case (No. 12-426 (ADC)) be amended by imposing a concurrent sentence of twenty years of imprisonment, to be followed by a concurrent term of three years of supervised release, on petitioner's conviction of Count Nine, 18 U.S.C. § 924(o). All of the other sentences in the judgment are to remain unchanged. The amended judgment shall run *nunc pro tunc* to September 12, 2013, the date of the original judgment.

When entering a final order that is partially adverse to a Section 2255 petitioner, the Court must decide if he warrants a certificate of appealability. The Court may issue one only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck*

v. *Davis*, 137 S. Ct. 759, 773 (2017). Petitioner made no such showing. Thus, the Court will not grant a certificate. Rule 11(a) of the Rules Governing Section 2255 Proceedings. Petitioner may still seek one from the Court of Appeals under Federal Rule of Appellate Procedure 22(b)(1).

There being no pending issues, the case at bar is closed.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 19th day of April, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**