# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JUAN M. LAUREANO-PÉREZ,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

Civil No. 16-2688 (ADC)

## OPINION AND ORDER

On or about July 16, 2017, petitioner Juan M. Laureano-Pérez moved the Court for leave to proceed in forma pauperis (IFP) on his appeal of the denial of his petition for sentencing relief pursuant to 28 U.S.C. § 2255(a). **ECF No. 19**. Petitioner properly filed the motion in this Court pursuant to Federal Rule of Appellate Procedure 24(a)(1). However, the Court shall now deny the motion for failing to comply with Rule 24(a)(1) in at least two critical respects.

First, the affidavit that petitioner attached to his motion fails to establish "in the detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or to give security for fees and costs," as Rule 24(a)(1)(A) requires. Petitioner's affidavit is lacking because, unlike Form 4, it does not address how much money he expects to receive next month, whether he expects any major changes in his monthly income over the next twelve months, and whether he has spent or will spend any of his own money in connection with this suit. See **ECF No. 19-1**. Petitioner can download or print out a copy of Form 4 from the First Circuit Court of Appeals's website:

http://www.ca1.uscourts.gov/sites/ca1/files/form4.pdf. To ensure that his future IFP motions comply with Rule 24(a)(1)(A), petitioner should use Form 4 as the template for his affidavit.[1]

Second, petitioner's affidavit also fails to state "the issues that [he] intends to present on appeal," as Rule 24(a)(1)(C) requires. Meanwhile, petitioner's notice of appeal does not set forth his appellate issues adequately. See **ECF No. 12**. For starters, the notice appeals only the Court's Order of April 19, 2017, which granted him relief upon Ground One of his Section 2255 petition, and not the Court's earlier Order of March 3, 2017, which denied him relief upon Grounds Two, Three, and Four of his petition. *Id.*, at 1 (stating only that petitioner is appealing the Order of April 19, 2017); see also *Santos-Santos* v. *Torres-Centeno*, 842 F.3d 163, 169 (1st Cir. 2016) (finding that "[d]esignating a completely separate and independent order loudly proclaims [a] plaintiff's intention not to appeal from the former order . . . As an ancient maxim teaches, 'expressio unius est exclusio alterius.'") (second bracket and ellipsis in original) (quoting *Kotler* v. *Am. Tobacco Co.*, 981 F.2d 7, 11 (1st Cir. 1992)). Although the notice then lists sixteen issues that petitioner wishes to raise, none of them challenges a ruling of this Court in this suit. See **ECF No. 12**. More problematically, none of the issues even touches on the relief that the Court granted to petitioner through its Order of April 19, 2017, see *id.*, which indicates that he may not have a substantial, non-frivolous question to present on appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Petitioner's affidavit also appears not to be truthful. In his affidavit, petitioner swears, under penalty of perjury, to literal pennilessness and the absence of any source of funds. See **ECF No. 19-1**. However, his prison trust-fund account statement tells a different story, showing that petitioner has recently been receiving payroll deposits and $100.00 wire transfers. See **ECF No. 20**, at 4–5.

In sum, the Court hereby **DENIES** petitioner's motion for leave to proceed IFP. See **ECF No. 19**. The Clerk shall immediately notify the parties and the Court of Appeals of this Order pursuant to Federal Rule of Appellate Procedure 24(a)(4)(A).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 4th day of August, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**